UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD RAY LUCAS                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:08CV-P284-H

LETHA STEWART                                                       DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint (DN 1) and amendment[1]

thereto (DN 11) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601,

608-09 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff Donald Ray Lucas, who is currently incarcerated in the Kentucky State

Reformatory ("KSR"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Letha

Stewart, Director of House of Deliverance, a halfway house where Plaintiff previously resided

when he was on probation.

In the complaint, Plaintiff claims that during his stay at the House of Deliverance he was

denied adequate housing and amenities violating his rights under the Eighth and Fourteenth

Amendments. Plaintiff alleges that Director Stewart "'black mailed' him for his money"; harassed

and robbed him by taking "his money for monthly reimbursement and then fail[ing] to provide

contracted services," including utilities and food; and was intoxicated on the premises. He claims

that when he confronted Director Stewart about these deficiencies, she arranged for his admission

into Central State Hospital; made false allegations against him to his parole officer to have his

---

[1]Shortly after filing the complaint, Plaintiff filed a letter asking that attachments to the letter (including, but not limited to, his own affidavit providing additional factual allegations) be made part of this pending case (DN 11). The Court considers that filing to be an amendment to the complaint.

probation revoked; and "made false claims in reference to his revocation hearing on June 6, 2006."
Plaintiff claims that "[u]ltimately [Director Stewart's] own assertions and complaint against the
Plaintiff resulted in his probation being changed through a revocation hearing at which he was not
allowed to present his complaint and defense against the Defendant or present his side of the
story."

To the complaint, Plaintiff attaches an affidavit of a fellow KSR inmate, who also
previously resided at the House of Deliverance and who also alleged various inadequate conditions
at that residence.

In Plaintiff's own affidavit, which the Court construes as an amendment to the complaint,
Plaintiff avers as follows:

> That on Dec. 26, 2005 Letha Stewart made false allegations to have been put in
> Central State also to my PO Mike McMahan to get a P.V. Warrant!  On June 6 06
> Letha Stewart made false allegations against me in court.  On March 22, 2006 at
> Western Hospital I was harassed all the time about rent money.  That Tim N. Sally
> made false allegations to have my Parole Officer, Bill Stone, have me put in jail.
> That on June 19, 2006 through August 30, 2006 Robert Glenn did cheat the
> residents at Vision of Hope and black mail them.  That from August 30, 2006
> through November 9, 2006, Larry Pilcher harassed me every change he got over
> rent money etc.  That on November 9, 2006 he made false allegations to my Parole
> Officer Ed Wall.  Also on November 8, 2006 Ed Wall made fa[ls]e allegations to
> get P.V. Warrant! [and Ed Rice] made false allegations against me that got me put
> out of Next Step Center.  at my revocation hearing on November 28, 2006, Ed Wall
> and Larry Pilcher made more false allegations in court to have me put back in
> prison.[2]

As relief, Plaintiff he seeks damages and injunctive relief in the form of an investigation
and possible closure of the House of Deliverance and an investigation of Director Stewart for
possible fraud and other crimes.

---

[2]The Kentucky Department of Corrections' website indicates that Plaintiff was placed in the state
corrections system on December 13, 2006.  *See* http://corrections.ky.gov/kool.htm.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, a court must "look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16,

3

19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.

*Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command

otherwise would require the Court "to explore exhaustively all potential claims of a *pro se*

plaintiff, [and] would also transform the district court from its legitimate advisory role to the

improper role of an advocate seeking out the strongest arguments and most successful strategies

for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period

for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S.

384, 387 (2007).  In Kentucky § 1983 actions are limited by the one-year statute of limitations

found in Ky. Rev. Stat. Ann. § 413.140(1).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th

Cir. 1990).  Although state law establishes the statute of limitations for § 1983 actions, federal law

controls on the issue of when the statute of limitations begins to run.  *Sevier v. Turner*, 742 F.2d

262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations accrues

when the plaintiff knew or should have known of the injury that forms the basis of the claim

alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  The Supreme Court

has recently held that when the face of the complaint shows that an action is time barred, the case

may be dismissed summarily upon screening.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The conditions of confinement about which Plaintiff complains occurred in 2005 and 2006

as did his complaints that Director Stewart made false allegations to someone to have him placed

in Central State Hospital, to his probation officer "to get a P.V. Warrant," and in court.  By not

filing the instant complaint until May 23, 2008,[3] his claims are barred by the one-year statute of limitations.

Further, as to Plaintiff's allegation that Director Stewart provided false information to Plaintiff's probation officer, Plaintiff has not shown that Director Stewart issued, or had the authority to issue, the warrant which initiated the probation revocation hearing. And with respect to Director Stewart's allegedly false testimony at the revocation hearing, a witness is immune from testimony given in a judicial proceeding. *See Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987) ("'[A]ll witnesses-police officers as well as lay witnesses-are absolutely immune from liability based upon their testimony in judicial proceedings.'") (quoting *Briscoe v. Lahue*, 460 U.S. 325, 328 (1983)); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("[I]t is clear that [plaintiff] would be insulated from liability for any testimony that he provided as a witness at trial, no matter how egregious or perjurious that testimony was alleged to have been.").

Finally, Plaintiff's requests for injunctive relief must be dismissed. As to his request for an investigation and possible closure of the House of Deliverance, that request is moot because he no longer resides at that halfway house and would derive no benefit from granting the requested relief. *See, e.g., Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility). With respect to his request for an investigation of Director Stewart for fraud and other crimes, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors," *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *Williams v. Luttrell*, 99 F. App'x 705, 707

---

[3]Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on May 23, 2008.

(6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."), and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.[4]

Date:  July 17, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
4412.005

---

[4]Plaintiff has, on two prior occasions, brought similar claims against Director Stewart.  *See* Civil Action Nos. 3:06CV-P220-S and 3:06CV-461-S.  In both cases, the Court concluded that Plaintiff failed to state a claim upon which relief may be granted.  Thus, res judicata is also a basis for dismissal.

6